WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Leon Haynie,<br><br>  Plaintiff,<br><br>v.<br><br>Camping World RV Sales LLC,<br><br>  Defendant. | No. CV-26-00011-TUC-JCH<br><br>**ORDER** |

Before the Court is pro se Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion to Allow Electronic Filing (Doc. 3). The Court will also screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). The Court will grant Plaintiff's Application (Doc. 2) and Motion (Doc. 3) and dismiss the Complaint.

**I.    Application for Leave to Proceed in Forma Pauperis (Doc. 2)**

In Plaintiff's Application to Proceed in Forma Pauperis, he states that he is unable to pay the filing fees and costs because he is currently unemployed and homeless. He records an average monthly income from self-employment of $350.00, $5.00 in a savings account, $100.00 in assets, and $220.00 in monthly expenses. He also records three children as dependents who rely on his income for support. The Court is persuaded that Plaintiff cannot afford the costs associated with filing suit and will grant Plaintiff *in forma pauperis* status.

. . . .

. . . .

II.     **Motion to Allow Electronic Filing (Doc. 3)**

Within Plaintiff's "Motion to Allow Electronic Filing by a Party Appearing Without an Attorney," Plaintiff has included a declaration affirming that he is willing and able to comply with the electronic filing requirements. (Doc. 3.) Accordingly, the Court will grant Plaintiff's Motion to Allow Electronic Filing. Plaintiff is reminded that pro se litigants must generally follow the same court rules and procedures as represented litigants. *See Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986). As such, Plaintiff should review the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure to avoid impermissible findings.

III.    **Statutory Screening of Pro Se Complaint**

A.     **Legal Standard**

The Court must screen *in forma pauperis* complaints and under § 1915(e)(2) and dismiss a case if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than

formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

### B.   The Complaint

Plaintiff asserts one claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, against Defendant Camping World RV Sales, LLC. (Doc. 1 at 4.) The Complaint alleges Defendant accessed Plaintiff's Experian consumer credit report in connection with a credit application for a vehicle and then "took adverse action or failed to approve the credit application based in whole or in part on information contained in Plaintiff's consumer report." (*Id.*) Plaintiff is requesting compensatory damages and, if permitted, punitive damages and declaratory relief. (*Id.*)

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them" in consumer reports. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). "'To achieve this end,' [the] FCRA imposes on consumer-reporting agencies 'a host of [procedural] requirements concerning the creation and use of consumer reports' and . . . allows individuals to sue those which are non-compliant." *Id.* at 1113–14 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334–35 (2016), *as revised* (May 24, 2016)). As pertinent here, the FCRA permits a consumer reporting agency to furnish a credit report relating to a consumer in connection with a credit transaction under certain circumstances. *See* 15 U.S.C. § 1681b(a)(3), (c). "The FCRA provides a private right of action against those who violate its statutory requirements in procuring and using consumer reports." *Syed v. M-I, LLC*, 853 F.3d 492, 497 (9th Cir. 2017). The affected consumer is entitled to actual damages, court fees, and costs for a negligent violation, § 1681o, in addition to statutory damages ranging from $100 to $1,000 and punitive damages for a willful violation, § 1681o. *See Syed*, 853 F.3d at 497.

Plaintiff does not allege that Defendant obtained his consumer report for any prohibited purpose. Instead, he alleges that Defendant's "adverse action" or failure to "approve his credit application" violated the FRCA. The FRCA does not prohibit adverse action under the circumstances here. *See generally* § 1681b. Rather, the FRCA places notice requirements upon the person using the consumer's credit report to perform an adverse action. *See* § 1681m(a). Plaintiff does not allege that Defendant failed to comply with these notice requirements. As such, the Complaint fails to state a claim under the FRCA.

### C.   Leave to Amend

For the foregoing reasons, the Court will dismiss all counts and Defendants without prejudice. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The first amended complaint must be retyped or rewritten in its entirety, and no part of the original Complaint may be incorporated by reference. Any cause of action raised in the original Complaint is waived if not alleged in the first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Should Plaintiff choose to amend his Complaint, the Court cautions Plaintiff that the PDF Complaint filed with the Court appears incomplete. It appears Plaintiff also intended to assert a claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq*, and may have typed additional information in the "Basis for Jurisdiction" and "Statement of Claim" sections. (Doc. 1 at 3–4.) However, the PDF form did not permit additional space, and any extra sentences are cut off. Should he amend, Plaintiff should attach additional pages to the end of the PDF packet for sections that do not provide adequate space and clearly label the information on any attached pages.

### III.   Warnings

Plaintiff must file and serve a notice of a change of address in accordance with LRCiv. 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

IV. **Order**

**IT IS ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2).

**IT IS FURTHER ORDERED granting Plaintiff's** Motion to Allow Electronic Filing (Doc. 3).

**IT IS FURTHER ORDERED dismissing without prejudice** the Complaint (Doc. 1). Plaintiff has **30 days** from the date of filing of this Order to file a first amended complaint. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 12th day of January, 2026.

_____
John C. Hinderaker
United States District Judge