**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Leon Haynie,<br><br>    Plaintiff,<br><br>v.<br><br>Camping World RV Sales LLC,<br><br>    Defendant. | No. CV-26-00011-TUC-JCH<br><br>**ORDER** |

On January 7, 2026, Plaintiff Howard Leon Haynie filed a pro se Complaint (Doc. 1), which this Court dismissed without prejudice for failure to state a claim (Doc. 7). On January 14, 2024, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 8). The Court will order Defendant Camping World RV Sales LLC to answer Plaintiff's FAC.

**I.     Statutory Screening**

Because the Court granted Plaintiff's Application to Proceed In Forma Pauperis, (Doc. 7), the Court must screen the FAC under 28 U.S.C.§ 1915(e)(2) and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of*

*Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Still, the Court must "construe pro se filings liberally" and hold pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

## II. The FAC

Plaintiff sues for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*, and Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*. (Doc. 8 at 1, 3–4). The FAC alleges Defendant accessed Plaintiff's Experian consumer credit report in connection with a credit application for a vehicle and, after reviewing the report, performed an adverse action by not approving the credit application and not extending credit to Plaintiff. (*Id.* at 2.) The FAC also alleges Defendant did not "provide Plaintiff with any written notice of adverse action at or after the time the adverse action was taken." (*Id.*) Plaintiff is seeking compensatory damages and, if permitted, punitive damages and declaratory relief. (*Id.* at 4.)

The Court has federal question jurisdiction over Plaintiff's claims, which arise under the FRCA and ECOA, federal statutes. *See* 28 U.S.C. § 1331. And both the FRCA and ECOA impose notice requirements on users of credit reports performing an "adverse action" against a consumer. Under the FRCA, if the user of a consumer report "takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report," the user must provide the consumer notice as

required by 15 U.S.C. § 1681m. "Adverse action" includes any action made in connection with an application by the consumer or adverse to the interests of the consumer. 15 U.S.C. § 1681a(k)(B)(iv). And the FCRA imposes civil liability for willful or negligent failure to comply with any of its requirements. *See* 15 U.S.C. §§ 1681n, 1681o; *Syed v. M-I, LLC*, 853 F.3d 492, 497 (9th Cir. 2017) (private right of action for violations of FRCA). Likewise, under the ECOA, "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its [adverse] action on the application" including a "statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d). "[A]dverse action" under the ECOA includes "a denial or revocation of credit." § 1691(d)(6). And the ECOA imposes civil liability against "[a]ny creditor who fails to comply with any requirement imposed under" the ECOA. 15 U.S.C. § 1691e.

Liberally construed, Plaintiff's FAC states claims on which relief can be granted for violations of the FCRA and ECOA. The Court will require Defendant to answer the FAC.

### III.   Order

**IT IS ORDERED:**

(1) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 8), this Order, and both summons and request for waiver forms for Defendant Camping World RV Sales LLC.

(2) Plaintiff must complete and return the service packet to the Clerk of the Court within **twenty-one (21) days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and First Amended Complaint on Defendant Camping World RV Sales LLC within **ninety (90) days** of the filing of the First Amended Complaint this action may be dismissed. Fed. R. Civ. P. 4(m).

(4) The United States Marshal must retain the summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant of the commencement of this

action and request waiver of service of the summons pursuant to Federal Rule of Civil Procedure 4(d). The notice to Defendant must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal must:

    a. personally serve copies of the summons, First Amended Complaint, and this Order upon Defendant Camping World RV Sales LLC pursuant to Federal Rule of Civil Procedure 4(h)(1); and

    b. within **ten (10) days** after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Federal Rule of Civil Procedure 4(d)(2), unless otherwise ordered by the Court.

(6) If Defendant agrees to waive service of the summons and First Amended Complaint, Defendant must **return the signed waiver forms to the United States Marshal,** not the Plaintiff.

. . . .

. . . .

. . . .

. . . .

. . . .

- 4 -

**(7)** Defendant **Camping World RV Sales LLC must answer Plaintiff's First Amended Complaint** within the timeframe set by the Federal Rules of Civil Procedure.

Dated this 14th day of January, 2026.

_____
John C. Hinderaker
United States District Judge