**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Howard Leon Haynie,

Plaintiff,

v.

Camping World RV Sales LLC,

Defendant.

No. CV-26-00011-TUC-JCH

**ORDER**

Before the Court is pro se Plaintiff Howard Leon Haynie's Motion for Default Judgment. (Doc. 18.) For the following reasons, the Court will deny the motion without prejudice.

**I. Background**

Plaintiff filed his original Complaint on January 7, 2026. After the Court dismissed the Complaint without prejudice, Plaintiff filed his First Amended Complaint ("FAC") on January 14, 2026. (Doc. 8.) The FAC alleges Defendant Camping World RV Sales LLC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq, when it accessed Plaintiff's consumer credit report and then denied is credit application without notice to Plaintiff. (Doc. 8.)

On January 15, 2026, after screening the FAC and finding it complied with 28 U.S.C.§ 1915(e)(2), the Court directed Plaintiff file complete service packets with the Court and the United States Marshals Service ("USMS") to execute service on Defendant.

(Doc. 9.) USMS completed service on March 19, 2026. (Doc. 12.) To date, Defendant has not responded to the FAC nor otherwise appeared in this action. (*See generally* docket.)

On May 17, 2025, Plaintiff filed an Application for Entry of Default Judgment against Defendant. (Doc. 16.) Two days later, the Clerk of the Court entered default against Defendant. (Doc. 17.) On June 3, 2026, Plaintiff filed the instant Motion for Default Judgment (Doc. 18), followed by a "Prayer for Relief Supplement" six days later (Doc. 19).

## II. Applicable Law

There are three steps in the default judgment analysis. First, the Court must confirm that it has subject matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Second, the Court must decide whether default judgment is proper under the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). If default judgment is proper, then third, the Court must determine the plaintiff's damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam). This Order addresses each step in turn.

## III. Jurisdiction

The Court has federal question jurisdiction over Plaintiff's claims, which arise under the FRCA and ECOA, federal statutes. *See* 28 U.S.C. § 1331. (Doc. 8 at 1.) And on the face of the FAC, it appears the Court has specific personal jurisdiction over Defendant. Specific jurisdiction exists when a lawsuit arises out of, or is related to, the defendant's contacts with the forum state. *Helicopteros Nacionales de Colo., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction exists only if: (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that had effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023). The FAC alleges Defendant sells recreational vehicles in Arizona, intentionally ran Plaintiff's credit report in connection with Plaintiff attempting to purchase one of those vehicles in Arizona, and failed to provide Plaintiff adequate notice that Defendant was

denying his credit application, harming Plaintiff. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) (finding specific personal jurisdiction where "the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.") (Doc. 8 at 1–3.) Accepting these facts as true, the FAC adequately pleads personal jurisdiction over Defendant.

## IV. *Eitel* Factors

District courts have discretion in deciding whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In exercising this discretion, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted). As the party seeking default judgment, Plaintiff "bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Joe Hand Promotions Inc. v. La Casa De Las Flores Gourmet Kitchen LLC*, No. CV-24-00991-PHX-MTL, 2025 WL 1580967, at *2 (D. Ariz. June 4, 2025) (citation omitted).

### A. The first, fifth, and sixth factors weigh in favor of default.

The first factor favors entry of default judgment against Defendant. Plaintiff would be prejudiced if the Court denied his motion because he would "likely be without other recourse for recovery" due to Defendant's failure to litigate this suit. *Id.* (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). The fifth factor also weighs in favor of default judgment: because "all well-pleaded facts in the complaint are taken as true," meaning "no genuine dispute of material facts would preclude granting" Plaintiff's Motion. *Id.* (quoting *PepsiCo*, 238 F. Supp. 2d at 1177). Finally, because Defendant has not appeared in this matter but was properly served by USMS, and there are

no additional facts indicating otherwise, the Court finds Defendant's failure to litigate is not due to excusable neglect and that the sixth factor weighs in Plaintiff's favor. *See id.*; *McDermott v. Perfection Collection LLC*, No. CV-20-00539-PHX-JAT, 2021 WL 1424089, at *4 (D. Ariz. Apr. 15, 2021).

**B. The remaining factors weigh against default.**

The remaining factors weigh against granting default judgment. The seventh factor requires cases be decided "upon their merits whenever reasonably possible," *PepsiCo, Inc.*, 238 F.Supp.2d. at 1177, and generally disfavors default judgment.

"Under the fourth factor, the Court must compare the amount of money involved in relation to the seriousness of the defendant's misconduct." *See McDermott*, 2021 WL 1424089, at *3 (citing *PepsiCo*, 238 F.Supp.2d at 1176). Plaintiff alleges Defendant denied his credit application without notice, which has resulted in uncertainty regarding his credit status and other emotional distress. (Doc. 8 at 4.) Plaintiff seeks $13,500 in monetary damages, broken down as follows:

- $5,500 for violations of the FCRA:
    - $1,000 in statutory damages under § 1681n(a)(1)(A);
    - $3,000 in punitive damages under § 1681n(a)(2);
    - $1,5000 in actual damages to compensate for Plaintiff's emotional distress, anxiety, frustration, and time expended under § 1681o.
- $8,000 for violation of the ECOA
    - $7,000 in punitive damages under § 1691e(b);
    - $1,000 in actual damages under § 1691e(a)

(Doc. 19 at 2–3.) The Court finds the amount of money Plaintiff seeks to be disproportionate to the seriousness of defendant's misconduct. As explained below, Plaintiff has not alleged any actual harm from Defendant's actions, and the conclusory statements he makes do not support awarding such a large amount of money or any punitive damages. Moreover, even if Plaintiff did allege harm, "[t]he same violation of the FCRA cannot support separate awards under both § 1681n and § 1681o as the willfulness requirement for § 1681n encompasses the negligence requirement of § 1681o."

*McDermott*, 2021 WL 1424089, at *3 (citing *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020)).

The Court finds the second and third *Eitel* factors dispositive. For these factors, considered here together, the Court must "assess the substantive merit of a plaintiff's claim and the sufficiency of his pleadings." *McDermott v. Perfection Collection LLC*, No. CV-20-00539-PHX-JAT, 2021 WL 1424089, at *2 (D. Ariz. Apr. 15, 2021) (citation modified). Plaintiff sues for alleged violations of the FCRA and ECOA.

Under the FCRA, users of consumer financial reports, such as Defendant, must abide by certain requirements. *See* 15 U.S.C. § 1681m. Namely, before a user takes any adverse action against a consumer "based in whole or in part on any information contained in a consumer report," the user must provide notice to the consumer. § 1681m(a)(1). "Adverse action" includes any action made in connection with an application by the consumer or adverse to the interests of the consumer. 15 U.S.C. § 1681a(k)(B)(iv). The FCRA imposes civil liability for ***willful*** failure to comply with its requirements for, as relevant here: actual damages sustained by the consumer between $100 to $1,000, punitive damages, and the costs of the action to enforce the FCRA. 15 U.S.C. § 1681n(a) (emphasis added). The FCRA also imposes civil liability for any user "who is ***negligent*** in failing to comply with any requirements" under the FCRA in an amount equal to "any ***actual*** damages sustained by the consumer as a result of the failure" and the costs of a successful action to enforce liability. 15 U.S.C. § 1681o(a) (emphasis added). *See also Syed v. M-I, LLC*, 853 F.3d 492, 497 (9th Cir. 2017) (private right of action for violations of FRCA).

Likewise, under the ECOA, "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its [adverse] action on the application" including a "statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d). "[A]dverse action" under the ECOA includes "a denial or revocation of credit." § 1691(d)(6). And "[a]ny creditor who fails to comply with any requirement imposed under [the ECOA] shall be liable to the aggrieved applicant for any ***actual*** damages sustained by such applicant . . . ." 15 U.S.C. § 1691e. The ECOA also permits the recovery of punitive damages, instructing courts to consider "the amount of any actual damages awarded, the

frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

The FAC fails to adequately state a claim upon which relief may be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court previously screened the FAC (Doc. 9), it did so under the more liberal standard for pro se applicants, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). At this stage of litigation, where a court's "starting point is the general rule that default judgments are ordinarily disfavored," *Eitel*, 782 F.2d at 1472, the Court takes a closer look at the FAC.

The FAC alleges Defendant accessed Plaintiff's Experian consumer credit report in connection with a credit application for a vehicle and, after reviewing the report, performed an adverse action by not approving his credit application and not extending credit to Plaintiff. (Doc. 8 at 2.) The FAC also alleges Defendant did not "provide Plaintiff with any written notice of adverse action at or after the time the adverse action was taken." (*Id.*) The FAC then lists Plaintiff's damages as "actual damages, including emotional distress, loss of credit opportunities, and out-of-pocket time and effort" as well as "statutory damages, punitive damages where authorized by law, costs, and equitable relief." (*Id.* at 4.) However, the FAC fails to allege facts supporting that Defendant may be subject to civil liability for its actions. *See Patterson v. Wells Fargo & Co.*, No. 24-7439, 2026 WL 1382199, at *3 (9th Cir. May 18, 2026) (complaint must allege specific damages permitted under statute as an element of the cause of action).

As described above, a plaintiff may recover under the FCRA for either a negligent violation causing actual damages or for a willful violation, even where no actual damages occur. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1110–11 (9th Cir. 2017) ("The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual

damages."). "To prove a negligent violation [of the FCRA], a plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute." *Moran v. Screening Pros*, LLC, 25 F.4th 722, 728 (9th Cir. 2022) (quoting *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673–74 (9th Cir. 2020)). "A plaintiff can prove a willful violation by showing a knowing or a reckless violation of a standard." *Id.* (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)).

The FAC states Plaintiff did not receive notice of Defendant's adverse action. However, the FAC also recalls that Defendant informed Plaintiff it had a third party generate an adverse action notice, even though Defendant was unable to produce any verification of said notice. (*Id.* at 2.) The FAC then provides a single conclusory statement that "Defendant's conduct was negligent an/or willful . . . ." (*Id.* at 3.) Plaintiff does not provide any factual support to explain how Defendant acted willfully and/or negligently. *See McDermott v. Perfection Collection LLC*, No. CV-20-00539-PHX-JAT, 2021 WL 1424089, at *3 (D. Ariz. Apr. 15, 2021); *Eason v. Indymac Bank*, FSB, No. CV 09-1423-PHX-JAT, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) (plaintiff's complaint was insufficient "due to the lack of specific facts alleged"); *Messano v. Experian Info. Solutions, Inc.*, 251 F.Supp.3d. 1309, 1316 (N.D. Cal. 2017) (plaintiff's complaint only contained "bare conclusory statements" alleging defendant acted "knowingly, intentionally, and in reckless disregard for credit reporting industry standards"). The FAC's single conclusory statement does not suffice for the Court to impose civil liability under the FCRA.

Moreover, Plaintiff fails to assert any facts supporting actual harm from Defendant's conduct, as required to recover under the ECOA and for negligent violations under the FCRA. Actual damages may include out-of-pocket monetary losses, injury to credit reputation and mental anguish, humiliation or embarrassment. *Anderson v. United Finance Co.*, 666 F.2d 1274, 1278 (9th Cir.1982). "However, the court will not presume any injury. The actual damages must be specifically proven." *Id.* at 1277–78. The FAC asserts "Defendant's failure to provide required notices caused Plaintiff harm, including emotional distress, confusion regarding his credit status, loss of credit opportunities, and time and

effort expended attempting to obtain compliance." (*Id.* at 4.) The FAC fails to state facts showing how Defendant's conduct caused Plaintiff any of the above harm, or specifying Plaintiff's emotional distress, confusion, loss of opportunities, or time/effort expended. *See Patterson*, 2026 WL 1382199, at *2 (dismissing claim under FCRA where complaint asserted plaintiff suffered "reputational damage, distress and embarrassment, and concern that improper inquiry and/or inaccurate reporting could recur" and plaintiff "experienced great stress, personal inconvenience, and expenses as a consequence of [d]efendants' actions," but did not "allege any facts supporting these conclusory allegations," nor explain how the defendants "caused these damages by obtaining their credit reports"); *see also Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations will not support a cause of action). Without additional facts, Plaintiff has failed to allege any actual harm from Defendant's conduct, and the Court cannot grant his requested relief.

Plaintiff has also not alleged facts supporting an award of punitive damages. A court may award punitive damages under § 1691e(b), regardless of proof of actual damages, if the creditor's conduct is adjudged wanton, malicious or oppressive, or if it is deemed to have acted in reckless disregard of the applicable law. *Anderson*, 666 F.2d at 1278. And to receive punitive damages under § 1681n, a plaintiff must show a willful violation of the FCRA, or that the defendant's reading of the statute was "objectively unreasonable." *See Safeco*, 551 U.S. at 69. But because "punitive damages are awarded to punish the defendant and to serve as an example or warning to others not to engage in similar conduct, they are only justified when the defendant has committed a particularly blameworthy act." *Anderson*, 666 F.2d at 1278. Plaintiff alleges no facts supporting Defendant acted with the requisite objective unreasonableness or bad faith to support a claim for punitive damages.

Nor has Plaintiff alleged facts supporting injunctive or declaratory relief. The Court is unsure what this potential relief would even entail, as Plaintiff does not allege Defendant is continuing its violations or otherwise wrongful behavior.

Finally, attorney's fees and costs are only available where there is a "successful action." § 1691e(d); § 1681n(a)(3). Plaintiff cannot have a successful action because he has not stated a claim for actual or punitive damages or injunctive or declaratory relief.

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

### C. Summary

The first, fifth, sixth, and seventh *Eitel* factors favor default, while the second, third, fourth, and seventh factors disfavor default. The Court finds the second and third factors dispositive and will not grant default judgment in favor of a plaintiff who has failed to state a claim upon which relief can be granted. *See Michael v. La Jolla Learning Inst., Inc.*, No. 17-CV-934 JLS (MDD), 2018 WL 11483057, at *9 (S.D. Cal. June 21, 2018).

## V. Dismissal with leave to amend

For the foregoing reasons, the Court will dismiss all counts and the Defendant without prejudice. The Court notes Plaintiff may be able to cure the deficiencies identified in this Order with amended pleadings. This also allows Plaintiff to serve Defendant an amended complaint and allows for the possibility of a decision on the merits. *See Eitel*, 782 F.2d at 1472.

Within 20 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The second amended complaint must be retyped or rewritten in its entirety, and no part of the first amended complaint may be incorporated by reference. Any cause of action raised in the first amended complaint is waived if not alleged in the second amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Should Plaintiff choose to amend, he must provide adequate factual detail to support his claimed damages.

## VI. Warnings

If Plaintiff's address changes, he must file and serve a notice of a change of address in accordance with LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**VII. Order**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Default Judgment (Doc. 18.)

**IT IS FURTHER ORDERED dismissing** without prejudice the First Amended Complaint. (Doc. 8.) Plaintiff has **20 days** from the date of filing of this Order to file a second amended complaint. If Plaintiff fails to file an amended complaint within 20 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff, and deny any pending unrelated motions as moot.

Dated this 15th day of October, 2026.

John C. Hinderaker
United States District Judge